IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AARON EUGENE NEWSOME,

    Plaintiff,

v.                                                      CASE NO. 4:14-cv-612-MW-GRJ

M. CLEMMONS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1, 2. The Complaint is before the Court for screening pursuant to 28 U.S.C § 1915A. Pursuant to 28 U.S.C. § 1915A, the Court shall dismiss the complaint if it is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Plaintiff's claims stem from an incident that occurred while Plaintiff was confined at Jefferson C.I. in October 2012. Plaintiff contends that while he was in the prison's pharmacy window line he was taken to the medical building by an officer for an x-ray to determine whether Plaintiff had contraband concealed in a body cavity. Plaintiff contends that the x-ray was performed within view of other inmates, who subjected him to sexually suggestive jokes. It was ultimately determined that Plaintiff was not concealing contraband. Plaintiff contends that the x-ray violated DOC and HIPAA regulations. Plaintiff seeks declaratory and injunctive relief, and monetary damages in the amount of $2 million dollars. The only named Defendants are officials at Jefferson

C.I.  Doc. 1.

Plaintiff does not allege that he suffered any physical injury as a result of the x-ray and the alleged taunting by other inmates.  The PLRA provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Smith v. Allen*  502 F.3d 1255, 1271 (11th Cir. 2007) (citing *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.2002)).  Because Plaintiff has alleged no physical injury in connection with his claims, he is barred by the PLRA from seeking compensatory and punitive damages. *See id.*  Further, any claim for declaratory and injunctive relief against Jefferson C.I. officials is moot because Plaintiff is no longer confined at Jefferson C.I.  There are no allegations suggesting that Plaintiff is subject to any similar action at his present place of confinement, and any allegation that such an event might occur in the future would be wholly speculative.  It therefore appears that the Complaint is due to be summarily dismissed pursuant to 28 U.S.C § 1915A for failure to state a claim upon which relief may be granted.

The Complaint presents an additional ground for dismissal.  The Court's civil rights complaint form, which Plaintiff executed under penalty of perjury, requires prisoners to disclose their prior litigation history.  Plaintiff disclosed no prior cases.  The Court takes judicial notice of *Newsome v. Lee County Sheriff*, Case No. 99-223-cv-FTM-20D, Doc. 4 (M.D. Fla. 5/12/99) (dismissing Plaintiff's complaint alleging denial of access to court while confined at Lee County Jail for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)).  The dismissal of this case for failure to state a claim upon which relief may be granted counts as a "strike" pursuant to

28 U.S.C § 1915(g).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court ordered Plaintiff to show cause as to why the Complaint should not be dismissed on the above grounds. Plaintiff filed a response, Doc. 11. Plaintiff denies that he is seeking injunctive relief in this case, and does not dispute the Court's conclusion that he suffered no physical injury that would support a claim for compensatory and punitive damages under the PLRA, 42 U.S.C. § 1997(e), while he remains incarcerated. With respect to Plaintiff's failure to disclose his previous "strike", Plaintiff alleges that he did not recall the circumstances of the previous case and did not have access to those records. Doc. 11. The Court concludes that Plaintiff's response provides no basis for excusing his lack of candor in completing the sworn complaint form, in which Plaintiff represented that he had filed no previous federal cases

concerning his conditions of confinement.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted and for abuse of the judicial process. Although the dismissal should be without prejudice the dismissal should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** this 7th day of May 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**